IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEYSTON JAMORY WEST,

    Petitioner,

v.                                                           Civil Action No. 3:05-CV-103
                                                                 Criminal Action No. 3:00-CR-6 and 46

UNITED STATES OF AMERICA,            (JUDGE BAILEY)

    Respondent.

## REPORT AND RECOMMENDATION
## THAT § 2255 MOTION BE DENIED

### I. INTRODUCTION

On September 22, 2005, *pro se* Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response December 13, 2005. Petitioner filed a response in opposition to Government's reply on January 30, 2006.

### II. FACTS

A. **Conviction and Sentence**

Petitioner was named in a thirteen count indictment filed on January 20, 2000 in the Northern District of West Virginia. Petitioner was charged in Count 2 with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; in Count 3 with the killing of Vatressa Miller in furtherance of the CCE in violation of 21 U.S.C. § 848(e)(1)(A); in Counts 10 and 11 with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On August 3, 2000, a second indictment was returned charging Petitioner in Count 1 with conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846.

1

On January 23, 2002, Petitioner was convicted by a jury on Counts 3, 10, and 11 in the first indictment, and Count 1 in the second indictment. On June 17, 2002, Petitioner was sentenced to life in prison for Count 3; 240 months concurrent for Count 10; 240 months concurrent for Count 11; life concurrent to Count 3 for Count 1.

**B.** **Appeal**

On June 27, 2002, petitioner filed a notice of appeal. On March 15, 2004, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied Petitioner's petition on October 4, 2004.

**C.** **Federal Habeas Corpus**

The petitioner asserts the following grounds for relief:

1. Petitioner's counsel was ineffective for failing to note error by the trial court during its pronouncement of Petitioner's sentence. Within this claim, Petitioner also argues counsel was ineffective for failing to object to the trial court's enhancement of the base level offense for Count 1 of 3:00-cr-46.

2. Petitioner's counsel was ineffective for failing to file a motion to quash Count 3.

3. Petitioner's counsel was ineffective for failing to raise on appeal the trial court's incorrect application of the United States Sentencing Guidelines.

4. Petitioner's counsel was ineffective for failing to object to the trial court imposing a sentence for Count 1 that exceeded the facts found by the jury.

5. Petitioner's counsel was ineffective for failing to raise on direct appeal the trial court's attribution of the entire quantity of conspiracy drug weights to Petitioner.

6. Petitioner's counsel was ineffective for failing to object to a the terms of the sentence that exceeded the findings of the jury.

7. Petitioner's counsel was ineffective for failing to object to jury instructions that relieved the government of their burden of proof.

8. Petitioner's counsel was ineffective for failing to raise on appeal the two-level increase in his base sentence for obstruction of justice.

In its response to the Petitioner's motion, the Government asserts:

1. Counsel was not ineffective for failing to object to the court's error, because the sentence was properly set forth in the Judgment and Commitment Order. The Government also contends counsel was not ineffective for failing to object to the court's enhancement of Count 1.

2. Counsel was not ineffective for failing to file a motion to quash Count 3 because the indictment properly tracked the language of the statute.

3. Counsel was not ineffective for failing to object to the court's enhancement of Count 1 because the court's application of the Sentencing Guidelines was proper.

4. Counsel was not ineffective for failing to object to the court's enhancement of Count 1 because the sentence did not exceed the statutory maximum. Therefore, the sentence complied with <u>Apprendi</u>.

5. Counsel was not ineffective for failing to raise on direct appeal the quantity of drugs attributed to Petitioner because the quantity was correct.

6. Counsel was not ineffective for failing to object to the court's enhancement of Count 1 because the sentence did not exceed the statutory maximum. Therefore, the sentence complied with <u>Apprendi</u>.

7. Counsel was not ineffective for failing to object to the court's instructions because the instructions were proper.

8. Counsel was not ineffective for failing to appeal the court's enhancement for obstruction of justice because the enhancement was proper.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends Petitioner's § 2255 motion and request for evidentiary hearing be DENIED.

### III. ANALYSIS

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**A.** **Procedural Default**

This Court holds Petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). In contrast, constitutional issues that were capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice"

4

resulting from the alleged errors. United States v. Maybeck, 23 F.3d 888, 891 (1994). Claims of ineffective assistance of counsel are the exception to the above rules because they are more appropriately raised in a § 2255 motion than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**B.     Claim 1(a)**

Petitioner alleges his counsel failed to object to an error made by the court during sentencing and thereby rendered ineffective assistance of counsel. During sentencing, the trial court stated,

> Therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant, Keyston J. West, will hereby be committed to the custody of the Bureau of Prisons to be imprisoned for a term of life with the convictions for count (3) and (1) of CR-3:00-CR-46 for counts (10) and (11), sentences of 20 years will run concurrently. . . . Upon release from imprisonment, the defendant shall be placed upon a period of supervised release for five years in reference to count (3) and (1) of CR-46 and for counts (10) and (11) I think the maximum is three years, to be concurrent under the standing orders of this Court.

Petitioner asserts the court's pronouncement was in error because counts 3, 10, and 11 related to the indictment in 3:00-CR-6, not 3:00-CR-46; that as a result of the court's error, he was sentenced to charges that did not exist; that his counsel was ineffective for failing to object to the error. The Court agrees with Petitioner that the court erred because Count 1, alone, relates to 3:00-CR-46. Counts 3, 10, 11 relate to the indictment in 3:00-cr-6. The question before the court is whether Petitioner's counsel was ineffective for failing to object to the court's error.

5

Counsel's conduct is measured under the two-part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of competence. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judiciary scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, Petitioner must show he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Petitioner alleges his counsel's failure to note the court's error fell below an objective standard of reasonableness because a "reasonable person" would have noted the court's error. Petitioner further alleges he was prejudiced by counsel's failure to object because the issue was as a result waived for appeal and procedurally defaulted for the purposes of a § 2255 motion; that had the issue been raised on appeal the district court would have vacated his sentenced and remanded for resentencing. The Government contends Petitioner was not prejudiced by his counsel's failure to object and therefore did not receive ineffective assistance of counsel.

The Court finds Petitioner's counsel was not ineffective for failing to object to the trial court's error. First, the Court finds it was reasonable for counsel to presume Petitioner's sentence was lawfully entered: in addition to the pronounced sentence accurately setting forth

the terms of imprisonment, the Judgement and Commitment Order accurately related each count to the appropriate indictment. Second, contrary to Petitioner's assertion, it is unlikely that had the issue been preserved for and raised on appeal the district court would have vacated his sentence and remanded the case for resentencing. Normally, where a conflict exists between the oral pronouncement of sentence and the written judgment and there exists no ambiguity in the oral sentence, the judgment must be vacated and the case must be remanded for revision of the written judgment. See Rakes v. United States, 309 F.2d 686, 688-69 (4th Cir. 1962). However, where the ambiguity lies within the oral judgment, the judgment need not be vacated nor the case remanded so long as the written order accurately reflected the sentence. See United States v. Abdel-Aziz, 67 Fed. Appx. 805, 807 (4th Cir. 2003). In the present case, the written judgment accurately reflected the sentence and thus remand would not have been likely. Finally, the oral pronouncement complied with the requirement that it must sufficiently apprise Petitioner and other interested parties of the court's intention regarding length and sequence of the terms of imprisonment. See United States v. Daugherty, 269 U.S. 360, 363-64 (1926) [holding "[s]entences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded."]. For the aforementioned reasons, the Court finds Petitioner's counsel was not ineffective for failing to object to the court's error.

C.   **Claim 1(b)**

Within his first claim, Petitioner also alleges his counsel was ineffective for failing to object to the court's enhancement of his sentence for Count 1 of 3:00-cr-46, conspiracy to distribute 50 grams or more of crack cocaine or more in violation of 12 U.S.C. §§ 841(b)(1)(A)(iii) and 846. Prior to any enhancement, Count 1 carried a base offense level of 32

7

based on the amount of drugs involved. See U.S.S.G. § 2D1.1. That fact, combined with Petitioner's criminal history category of 5, resulted in a sentencing range of between 188 to 235 months. At the sentencing hearing, the court relied on § 2D1.1(d) of the Sentencing Guidelines and cross-referenced the overt act contained in paragraph 19 of 3:00-cr-46 alleging the murder of Vatressa Miller. As a result, the court enhanced the base offense level of Count 1 to 43 and sentenced Petitioner to life. Petitioner argues the court unconstitutionally relied on the facts alleged in paragraph 19 because those facts had not been proven to a jury beyond a reasonable doubt.

Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] In Blakely v. Washington, 542 U.S. 296 (2004), the Court held "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The Government argues because the jury found Petitioner guilty of the murder of Vatressa Miller in Count 3 of the first indictment, the facts constituting the overt act were found by the jury in accordance with Apprendi. The Court agrees with the Government and finds the trial court did

---

[1] In United States v. Booker, 543 U.S. 220, 244 (2005), the Supreme Court extended Apprendi to the United States Sentencing Guidelines and ruled a sentencing judge may not rely on facts not found by a jury beyond a reasonable doubt or admitted by the defendant to increase sentences under the United States Sentencing Guidelines. Petitioner, however, may not take advantage of Booker because the Fourth Circuit found that Booker has not been made retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Booker is inapplicable to cases that became final prior to the issuance of the Supreme Court's decision in that case. Id. Petitioners' judgment became final on October 4, 2004. Booker was decided January 12, 2005. Accordingly, Booker is not available to Petitioner on collateral review.

not err in imposing an enhanced sentence and therefore counsel was not ineffective for failing to object.

First and foremost, the Court recognizes that the statutory maximum for Count 1 is life. See 21 U.S.C. § 841(b)(1)(A). Therefore, the trial court did not impose a sentence that exceeded the statutory maximum. Even if life was not the statutory maximum, however, the trial court properly relied on the facts alleged in paragraph 19 - the murder of Vatressa Miller - to enhance Petitioner's sentence for Count 1. Petitioner is correct the facts of the murder had to be proven to a jury beyond a reasonable doubt before the trial judge could rely on them for purposes of enhancement of the sentence beyond the statutory maximum. See Apprendi, 530 U.S. 466 (2000). However, in arguing the facts in paragraph 19 were not proven, Petitioner overlooks that he was found guilty of Count 3 in 3:00-cr-6, killing Vatressa Miller in furtherance of the continuing criminal enterprise. The facts of paragraph 19 were therefore proven to the jury beyond a reasonable doubt and the sentencing judge was permitted to rely on them for enhancement purposes.

**D.** **Claim 2**

Petitioner alleges counsel was ineffective for failing to file a pretrial motion to quash Count 3 of the indictment filed in 3:00-cr-6. Count 3 alleged a violation of 21 U.S.C. § 848(e)(1)(A), killing Vatressa Miller in furtherance of the CCE. It read in the indictment as follows:

> On or about the 19thday of July, 1999, in or near Berkeley County, West Virginia, located within the Northern district of West Virginia, the defendant, ANDREW CHARLES JACKSON a/k/a WILLIAM BENBOW a/ka "SWAY," engaging in a Continuing Criminal Enterprise, and KEYSTON J. WEST a/k/a "D-MAN," CASEY

9

MICHELLE HOLT, and a person known to the grand jury, working in furtherance of a Continuing Criminal Enterprise, did unlawfully and intentionally kill and did cause the intentional killing of an individual and such killing resulted in the death of Vatressa Miller IN VIOLATION OF 21, UNITED STATES CODE, SECTION 848(e)(1)A).

Petitioner alleges effective counsel would have recognized the deficiency of Count 3, namely that it failed to provide adequate notice of what CCE was at issue, failed to allege the elements of a CCE, and failed to provide adequate notice for Petitioner to prepare a defense. The Government contends the indictment was sufficient because it tracked the "statutory definition" of the offense. The Court finds the indictment was sufficient and counsel was not ineffective for failing to file a motion to quash Count 3.

Pursuant to the protections of the Fifth and Sixth Amendment, "an indictment must contain the elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy as a defense . . ." Russell v. United States, 369 U.S. 749, 763-4. A violation of 21 U.S.C. § 848(e)(1)(A) is comprised of the following elements: 1) defendant engaged in or worked in furtherance of a CCE, 2) defendant intentionally killed, and 3) there existed a substantive connection between the killing and the CCE. United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998). Accordingly, an indictment alleging a violation of § 848(e)(1)(A) may pass constitutional muster by alleging the listed elements. However, it may also pass constitutional muster by merely tracking the language of the statute, without specifying the particular CCE at issue or the elements of a CCE. See United States v. Amend, 791 F.2d 1120, 1124-25 (4th Cir. 1986). In Amend, the Court evaluated an indictment alleging a CCE in violation of 21 U.S.C. § 848 and held it was made constitutionally sufficient by merely tracking the language of the statute. The Court held it did not have to name the

people involved in the CCE. For these reasons, the Court finds the indictment was proper and counsel was not ineffective for failing to file a motion to quash Count 3.

The Court rejects Petitioner's reliance on United States v. Johnson, 225 F.Supp.2d. 1009, 1019-22 (N.D. Iowa 2002), because this Court reads Johnson as being in conflict with the binding authority established by Moore. In Johnson, the Court held an indictment alleging a violation of 21 U.S.C. § 848(e)(1)(A) must lay out the elements of a CCE because as the existence of a CCE is an essential element of the crime. Such a holding contradicts Moore's holding that an indictment is sufficient despite only tracking the language of the statute.

### E.   Claim 3

In claim three, Petitioner alleges the trial court incorrectly applied U.S.S.G § 2D1.1(d)(1) when it cross-referenced the murder of Vatressa Miller to enhance Petitioner's sentence for Count 1. Although stated in the above terms, Petitioner's third claim reasserts the issue raised in Claim 1(b): that the trial judge improperly relied on the murder of Vatressa Miller to enhance Petitioner's sentence for Count 1 and that his counsel was ineffective for failing to object to the court's enhancement. The Court reiterates it's finding from Claim 1(b) and finds the trial court did not err in enhancing Petitioner's sentence for count 1 and counsel was therefore not ineffective for failing to object to the sentence or raise the issue on appeal. First, as explained above, the life sentence imposed for Count 1 did not exceed the statutory maximum. See 21 U.S.C. 841(b)(1)(A). Second, the facts relied on by the judge to enhance the sentence beyond the recommended range of 188-235 months were proven to the jury beyond a reasonable doubt, as evidenced by its guilty verdict for count 3 in 3:00-cr-6.

F.  **Claim 4**

In claim four, Petitioner again raises the argument previously raised in "Claim 1(b)," above: that the trial judge improperly relied on the murder of Vatressa Miller to enhance Petitioner's sentence for Count 1 and that his counsel was ineffective for failing to object to the court's enhancement. As explained in Claim 1(b) and Claim 3, the Court finds the trial court did violate Petitioner's Constitutional rights by imposing a life sentence for Count 1. The life sentence did not exceed the statutory maximum, and the facts relied on by the judge to increase the sentence beyond the original base offense level were proven beyond a reasonable doubt.

G.  **Claim 5**

In claim five, Petitioner argues counsel was ineffective for failing to raise on direct appeal the issue of the trial court's improper relevant conduct calculations. The trial court attributed 84.979 grams of quantity of crack cocaine to Petitioner for counts 1, 10, and 11. Petitioner argues the above quantity was improper, because it reflected the quantity of crack cocaine trafficked during the entire conspiracy, (from 1995-2000), rather than the quantity trafficked by him beginning with his involvement in 1999. Petitioner also argues the court failed to make the factual findings required by States v. Irwin, 2 F.3d 72, 78 (4th Cir. 1993). The government argues the above quantity was "individualized" to Petitioner's involvement in the conspiracy.

A review of the Presentence Report reveals Petitioner was allegedly involved in several drug transactions during 1999 and that Petitioner's involvement ranged from 71.71 grams to 84.979 grams of crack cocaine. The trial court, persuaded by the trial testimony and the probation officer's report, overruled Petitioner's objection to the attributed quantity. Based on the probation officer's representation and the trial court's position on the matter, the Court finds

Petitioner's relevant conduct was "individualized" and therefore proper and that counsel was not ineffective for failing to raise the issue on appeal (having already objected to it and been overruled). The Court also finds the trial court complied with Irwin by making a factual finding as to quantity of drug attributable to Petitioner as opposed to the entire conspiracy. See Irwin, 2 F.3d at 78.

**H.     Claim 6**

In claim six, Petitioner again raises the argument previously raised in "Claim 1(b)," above: that the trial judge improperly relied on the murder of Vatressa Miller to enhance Petitioner's sentence for Count 1 and that his counsel was ineffective for failing to object to the court's enhancement. As explained by the Court in Claims 1(b), 3, and 4, the Court finds the trial court did violate Petitioner's Constitutional rights by imposing a life sentence for Count 1. The life sentence did not exceed the statutory maximum, and the facts relied on by the judge to increase the sentence beyond the original base offense level were proven beyond a reasonable doubt

**I.     Claim 7**

Petitioner argues his counsel was ineffective for failing to object to the jury instruction given for counts 10 and 11. At the close of trial, the court instructed the jury as follows: "With regard to counts 4,6,9,10 and 11 of indictment number Cr-06, United States is not required to show that the defendants knew that the substance involved was cocaine base, also known as crack. It is sufficient if the evidence establishes beyond a reasonable doubt that the Defendant's distributed some controlled substance." Petitioner argues the instructions improperly relieved the government of their burden of proof because the government should have been required to show Petitioner knew *which* controlled substance he was distributing. He further argues his

13

counsel's failure to object to the instruction prejudiced him by waiving the issue for appeal and a § 2255 motion.

In order to convict a defendant under 21 U.S.C. § 841(a), the government must prove beyond a reasonable doubt "1) defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and 2) at the time of such distribution the defendant knew the substance distributed was a controlled substance under the law." United States v. Brower, 336 F.3d 274, 276 (4th Cir. 2003). The government need not prove the defendant knew the specific type of drug involved; only that it was a controlled substance. Id. at 276-67. In Brower, the Court upheld the trial court's use of a jury instruction nearly identical to the instruction in the present case.[2] Id. Accordingly, the Court holds the jury instruction read by the court was proper and Petitioner's counsel was not ineffective for failing to object to the instruction or raise the issue on appeal.

## J. Claim 8

Petitioner argues his counsel was ineffective for failing to raise on direct appeal the trial court's improper enhancement of his base offense level for count 1 in 3:00-cr-46. At sentencing, the court sought to enhance the base offense level for count 1 by two levels due to Petitioner's obstruction of justice, namely his testimony denying participation in the murder. Petitioner's counsel objected to the enhancement but was overruled. In overruling the objection, the court stated, "In reference to obstruction number 2, the Court will overrule that objection, finding that the defendant's voluntary testimony at trial denying participation in the murder was found

---

[2] The jury was instructed on the § 841 charge as follows: "[A]lthough the Government must prove the Defendant knew he distributed a controlled substance, the Government does not have to prove the Defendant knew the actual nature of the substance he distributed. It is enough that the Government proves the Defendant knew he distributed some kind of controlled substance." Brower, 336 F.3d at 276.

14

beyond a reasonable doubt by the jury not to be true, sustaining the obstruction of justice enhancement." Petitioner argues the enhancement was improper because the court failed to make the required factual findings required in United States v. Dunnigan, 507 U.S. 87 (1993). The Government contends Petitioner, by testifying he did not participate in the murder, "provid[ed] materially false information to a judge or magistrate" and thereby fell within the conduct contemplated by U.S.S.G. § 3C1.1 The Court finds the trial court's enhancement was proper and thus counsel was not ineffective for failing to raise the issue on appeal.

Pursuant to § 3C1.1 of the United States Sentencing Guidelines, a defendant's sentence may be enhanced by two levels if the defendant obstructed or impeded the administration of justice. "Providing materially false information to a judge or magistrate" constitutes obstruction of justice so long as the defendant 1) gives false testimony, 2) concerning a material matter, 3) with the willful intent to deceive, rather than as a result of confusion or mistake. See United States v. Dunnigan, 507 U.S. 87, 94-95 (1993); U.S.S.G. § 3C1.1. In order to ensure only intentionally false testimony is punished, the district judge, upon a defendant's objection to the enhancement, must review the evidence and find whether the elements of perjury were met. Id. at 94-95. While it is preferred the judge address each element of perjury in a separate finding, the court's explanation is sufficient so long as the judge makes a finding of obstruction of justice that encompasses the elements of perjury. Id.

The district court in the present case found Petitioner's testimony was voluntary, untruthful, related to the alleged murder, and sustained the obstruction of justice enhancement. While the court did not explicitly find Petitioner's testimony resulted from a willful intent to deceive as opposed to confusion or mistake, its conclusion that Petitioner's testimony obstructed justice obviates the need for such an explicit finding. The court's findings satisfied Dunnigan

15

and therefore Petitioner's counsel was not ineffective for failing to raise the issue on appeal. See Id. at 95 [holding the following findings were sufficient: "The court finds that the defendant was untruthful at trial with respect to material matters in this case. By virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment by two levels."]; in contrast, see United States v. Smith, 62 F.3d 641, 647 (1995) [holding the following finding was insufficient: ""All right. Well, I will deny the objection to the increase for obstruction of justice."]

### V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion and request for an evidentiary hearing be DENIED.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 30, 2007

<u>/s/ James E Seibert</u>
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE