**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**KEYSTON JAMORY WEST**,

     Petitioner,

**v.**            **Civil No.:   3:17-CV-106**
              **Criminal No.: 3:00-CR-46-2**
**UNITED STATES OF AMERICA,**  **(JUDGE GROH)**

     Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 30, 2017, Keyston Jamory West ("Petitioner"), proceeding *pro se,* filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Civil Action No. 3:17-CV-106, ECF No. 1; Criminal Action No. 3:00-CR-46-2, ECF No. 362.[1]  On September 1, 2017, Petitioner filed a duplicate copy of his Motion Under 28 U.S.C. § 2255 to Vacate.  ECF No. 366.  On February 15, 2018, Petitioner filed a motion to order the government to respond to his motion to vacate.  ECF No. 381.

This Court now issues this Report and Recommendation on the Petitioner's motion[2] to vacate without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss with prejudice the Petitioner's motion.

---

[1]   From this point forward, all ECF Numbers refer to Petitioner's Criminal Action 3:00-CR-46-2, unless otherwise noted.

[2]   Throughout this Report and Recommendation, the original motion to vacate [ECF No. 362] and duplicate motion [ECF No. 366] will be referred to as a single motion to vacate [ECF No. 362].

## II.   FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence

On January 20, 2000, Petitioner was indicted in case number 3:00-CR-6, along with three co-defendants, and charged with various offenses, including an intentional killing in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. §§ 841(a)(1) and 848(e)(1)(A).  3:00-CR-6, ECF No. 3.

On August 3, 2000, Petitioner was indicted in the instant case number 3:00-CR-46, along with two co-defendants and charged in a single count with conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), and 846.  ECF No. 1. Petitioner's jury trial on both indictments commenced on January 14, 2002, and concluded on January 23, 2002.  Petitioner was found guilty of the sole charge in 3:00-CR-46, and the jury found that the quantity of narcotics was 50 grams or more of cocaine base.  ECF No. 87.  The jury further found Petitioner guilty of an intentional killing in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A), as charged in Count 3 of 3:00-CR-6, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), as charged in Counts 10 and 11 of 3:00-CR-6.  Id.

On June 21, 2002, Petitioner was sentenced to life imprisonment for his convictions for Count 3 of 3:00-CR-6 and Count 1 of 3:00-CR-46, and to a term of 240 months imprisonment on Counts 10 and 11 of 3:00-CR-6.  All of the sentences were ordered to run concurrently with one another.  ECF No. 110 at 2.

Petitioner's sentence for Counts 3, 10 and 11 of 3:00-CR-6 was assessed a Base Offense Level of 43, based on United States Sentencing Guidelines ("U.S.S.G" or "the Guidelines") § 2D1.1(d)(1) which cross references, "if a victim was killed under

circumstances that would constitute murder under 18, United States Code, Section 1111, had such killing taken place within the territorial or maritime jurisdiction of the United States, apply Section 2A1.1 (First Degree Murder)."  ECF No. 109 at 12, ¶¶ 42 – 44.  Petitioner was assessed an additional two points for obstruction of justice based on his false testimony at trial.  ECF No. 109 at 12, ¶ 48.  Pursuant to the Guidelines, any offense level greater than 43 should be treated as offense level 43.  Id. at 13, ¶ 54.

### B.  Appeal

The Petitioner filed a notice of appeal on June 27, 2002, in the United States Court of Appeals for the Fourth Circuit, in that court's docket number 02-4525[3].  ECF No. 112.  By unpublished per curiam opinion issued on March 15, 2004, the Fourth Circuit affirmed Petitioner's conviction and sentence.  ECF No. 130.  The Fourth Circuit denied Petitioner's request for a rehearing on April 14, 2004.  ECF No. 131.  The Supreme Court denied the petition for certiorari on October 4, 2004.  4th Cir. 02-4525, ECF No. 123.

### C.   Post Conviction Proceedings

On September 22, 2005, Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 136.[4] On November 5, 2007, a Report and Recommendation was entered which recommended that the Petitioner's § 2255 Motion and request for an evidentiary hearing be denied.  ECF No. 149.  On November 14, 2007, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to

---

[3]  Petitioner's appeal was docketed as 02-4525.  Petitioner's co-defendant, Andrew C. Jackson, filed an appeal which was docketed as 02-4526.  The cases were consolidated by the Fourth Circuit on July 8, 2002 [4th Cir. 02-4525, ECF No. 3], and thereafter, some pleadings in Petitioner's case appear under both docket numbers.

[4]  This motion was also docketed in 3:05-CV-103, ECF No. 1.

Vacate.   ECF No. 152.   Thereafter, the District Court vacated its November 14, 2007, Order adopting the Report and Recommendation, and entered a separate order affirming the Report and Recommendation.  ECF Nos. 186, 187.

On July 24, 2009, Petitioner filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  ECF No. 189.  By order entered September 11, 2009, the District Court, construing Petitioner's motion as being based upon Rule 33 of the Federal Rules of Criminal Procedure, denied Petitioner's motion as untimely.  ECF No. 191.  The Fourth Circuit, on February 18, 2011, vacated[5] the District Court's September 11, 2009, order and remanded the matter for the District Court to determine whether Petitioner made the necessary showing to entitle him to an extension of the appeal period.  ECF Nos. 209, 210.  On March 23, 2011, the Fourth Circuit vacated its February 18, 2011 judgment.  ECF No. 218.

Petitioner sought a certificate of appealability which was denied by the District Court by order entered on March 2, 2010. ECF No. 200.  A year later, on March 7, 2011, Petitioner sought a second certificate of appealability which was again denied by the District Court by order entered on March 8, 2011.  ECF No. 216.

On September 9, 2011, the Fourth Circuit denied Petitioner's appeal[6] of the District Court's orders (1) accepting the recommendation of the magistrate judge and denying relief on his 18 U.S.C. § 2255 motion; and (2) denying his motion for reconsideration.  By the same order, the Fourth Circuit denied Petitioner's motion[7] for a certificate of appealability.   ECF No. 228.

---

[5]  This matter was docketed in the Fourth Circuit as 10-6322.

[6]   This motion was considered by the Fourth Circuit in the case previously docketed as 10-6322.
[7]  This matter was docketed in the Fourth Circuit as 11-6400.

Petitioner filed another appeal with the Fourth Circuit on September 6, 2012, which was docketed as 12-7517.  This appeal contested the District Court's September 4, 2012, denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 238.  However, that appeal was dismissed by the Fourth Circuit on December 17, 2012, for failure to prosecute.  ECF No. 243.

On May 4, 2015, Petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 269.  The District Court denied Petitioner's motion to modify his sentence by order entered May 18, 2015.  ECF No. 273.

**D.      Instant Proceedings Pursuant to 28 U.S.C. § 2255**

On August 30, 2017, Petitioner filed his second Motion to Vacate, pursuant to 28 U.S.C. § 2255.  ECF No. 362.  Petitioner filed five attachments with his motion.  Id.  A duplicate of the second Motion to Vacate and five attachments was re-filed on September 1, 2017.  ECF No. 366.  On February 15, 2018, Petitioner filed a motion to order the government to respond to his motion to vacate.  ECF No. 381.

**III. LEGAL STANDARD**

**A.      Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

## B.      Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[8]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C.   Motions made Pursuant to 28 U.S.C. § 2255.

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.   To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.   28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255.  Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings.   "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted).  Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral

review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural

default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)). To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convicting evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.  In order for a motion to be considered successive, a prior motion must have been dismissed on its merits.  Slack v. McDaniel, 529 U.S. 473, 489 (2000) ("a habeas petition filed after an initial petition was dismissed [ ] without an adjudication on the merits is not a 'second or successive' petition").

## IV.   ANALYSIS

Here, it is clear that Petitioner's prior habeas petition filed as a motion to vacate [ECF No. 136] was dismissed on the merits by order entered on July 6, 2009 [ECF No. 187].  Thus, this Court finds that the current § 2255 motion is a second or successive motion.   Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion following the dismissal on the merits of his prior habeas corpus motion.  Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas motion.  See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Although not clearly articulated, the Court notes that Petitioner appears to assert that his claim of actual innocence, raised here for the first time, provides this Court with authority to consider his successive motion.  ECF No. 362-5 at 3.  However, it appears that Petitioner's argument is a combination of claims regarding the savings clause of § 2255 and the related ability of a petitioner to obtain relief under § 2241.  Id. at 2 – 4.  Petitioner concludes that, "[t]herefore, § 2255 is inadequate and ineffective to test the legality of his detention and he should be allowed to file a § 2241[ ] writ of habeas corpus. . ."  Id. at 4.

However, regardless of the merits of Petitioner's arguments about the savings clause, and request to file a § 2241 petition, the motion currently pending before the Court was filed under § 2255.  That motion is a second or successive motion filed under § 2255 and must be dismissed because Petitioner failed to obtain authorization from the Fourth Circuit to file such a successive § 2255 motion.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:17-CV-106, ECF No. 1; Criminal Action No. 3:00-CR-46, ECF No. 362] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.  **Petitioner must first obtain authorization from the Fourth Circuit to file a successive § 2255 motion before filing such a motion with this Court.**

This Court also **RECOMMENDS** that Petitioner's Motion to Order the Government to Respond  [ECF No. 381] be **DENIED.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted

to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 10, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE